1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  RICHARD ALLEN NELSON,                    CV F   07-00466 AWI DLB HC

10                    Petitioner,            FINDINGS AND RECOMMENDATION
                                            REGARDING RESPONDENT'S MOTION TO
11          v.                               DISMISS

12                                           [Doc. 10]
    BRIAN HAWS,
13
                     Respondent.
14  _____/

15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.[1]

18                                    BACKGROUND[2]

19          Following a jury trial in the Kern County Superior Court, Petitioner was convicted of

20  assault with a deadly weapon on a peace officer, reckless evading of a peace officer, and resisting

    a peace officer.  After finding that a number of sentencing enhancements were true, Petitioner
21
    was sentenced to a determinate term of seventy-five years to life, on June 26, 2003.  (Lodged
22
    Doc. No. 1.)
23
            On October 7, 2004, the California Court of Appeal, Fifth Appellate District, modified
24

25  _____

26          [1] Respondent submits that Brian Haws is the current Warden at California State Prison - Los Angeles
    County, and not W.J. Sullivan.  Accordingly, Brian Haws is substituted as Respondent in this case. Fed. R. Civ. P.
27  25(d); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

28          [2] This information is derived from the petition for writ of habeas corpus and Respondent's motion to
    dismiss.  (Court Docs. 1, 10.)

                                            1

the sentence by staying the execution of the sentence imposed for reckless evading of a peace officer pending the finality of the judgment and service of the sentences on the remaining counts, with the stay to become permanent upon completion of the terms imposed.  The judgment was confirmed in all other respects.  (Lodged Doc. No. 2.)

Petitioner sought review in the California Supreme Court, which was denied on January 19, 2005.  (Lodged Docs. Nos. 3-4.)

On March 7, 2005, the Kern County Superior Court amended the abstract of judgment in compliance with the opinion of the California Court of Appeal.  (Lodged Doc. No. 5.)  Petitioner did not further appeal.

Petitioner subsequently filed three pro se post-conviction collateral challenges to his conviction.  The first petition was filed on January 27, 2006, in the Kern County Superior Court. (Lodged Doc. No. 6.)  The petition was denied on January 30, 2006.  (Lodged Doc. No. 7.)

The second petition was filed in the California Court of Appeal, Fifth Appellate District on March 30, 2006, and denied on April 21, 2006.  (Lodged Docs. Nos. 8, 9.)

The third and final state petition was filed in the California Supreme Court on July 26, 2006, and denied on February 14, 2007.  (Lodged Docs. Nos. 10, 11.)

Petitioner filed the instant federal petition for writ of habeas corpus on March 10, 2007, in the United States District Court for the Central District of California.  By court order of March 14, 2007, the matter was transferred to this Court and filed on March 22, 2007.

Respondent filed the instant motion to dismiss the petition on August 3, 2007.  (Court Doc. 10.)  Petitioner did not file an opposition.

DISCUSSION

I.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on failure to exhaust the state court remedies. 28 U.S.C. § 2254(b)(1). Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.    Failure to Exhaust State Remedies

Respondent seeks dismissal on the ground that Petitioner has failed to exhaust all of the claims raised in the instant petition.

In the instant petition, Petitioner raises the following three claims for relief: 1) the trial court committed judicial misconduct and abused its discretion by not striking Petitioner's priors out of Oregon; 2) the trial court violated Petitioner's right to due process and a jury trial and abused its discretion by imposing multiple punishment for crimes that were based on the same act; and 3) ineffective assistance of trial counsel.

In the petition for review on direct appeal, Petitioner raised the single claim that it was a violation of his rights and an abuse of discretion to impose multiple punishment for crimes based on the same act, raised as claim two of the instant petition. (Lodged Doc. No. 3.)

In the state petition for writ of habeas corpus raised on collateral review, Petitioner raised claims One and Three of the instant petition. (Lodged Doc. No. 10.)  The California Supreme Court denied the petition citing not only People v. Duvall, 9 Cal.4th 464, 474 (1995) and In re Swain, 34 Cal.2d 300, 304 (1949), but also In re Dixon, 41 Cal.2d 756 (1953) and In re Waltreus, 62 Cal.2d 218 (1965) (Lodged Doc. No. 11.)

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).

3

The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

In this case, as previously stated, the petition for writ of habeas corpus he filed in the California Supreme Court was denied with citation to In re Swain, 34 Cal.2d 300, 304 (1949), People v. Duvall, 9 Cal.4th 464, 474 (1995), In re Dixon, 41 Cal.2d 756 (1953) and In re Waltreus, 62 Cal.2d 218 (1965) (See Lodged Doc. No. 11.)

In Ex parte Dixon, the California Supreme Court held that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction. Ex parte Dixon, 41 Cal.2d 756, 264 P.2d 513, 514-15 (1953) (In Bank) (citations omitted). A denial and citation to In re Waltreus refers to California's procedural rule that "issues actually raised and rejected on appeal cannot be renewed in a petition for writ of habeas corpus." Forrest v. Vasquez, 75 F.3d 562, 563 (9th Cir. 1996) quoting In re Harris, 5 Cal.4th 813, 829 (1993). In Ylst v. Nunnemaker, the Court concluded that a Waltreus citation is neither a ruling on the merits nor a denial on procedural grounds thereby having no bearing on a petitioner's ability to raise a claim in federal court. Ylst v. Nunnemaker, 501 U.S. 797, 805, 111 S.Ct. 2590, 2595 (1991). Thus, federal court's must "look through" the petition to the state court's prior decision and determine the grounds for the prior denial. Id. at 803, 806, 111 S.Ct. at 2594, 1296; Forrest, 75 F.3d at 563-64.

1    In re Swain articulates the procedural requirements that a California habeas petitioner

2    allege with particularity the facts supporting his claims and explain and justify the delay in the

3    presentation of those claims.  In re Swain, 34 Cal.2d 300, 304, 209 P.2d 793 (1949).  The Ninth

4    Circuit has held that an In re Swain citation is a denial on procedural grounds, because such a

5    deficiency, when it exists, can be cured in a renewed petition.  Kim v. Villalobos, 799 F.2d 1317,

6    1319 (9th Cir. 1986);  Harris v. Superior Court, 500 F.2d 1124, 1128, (9th Cir. 1974).  Further,

7    Duvall reiterates the requirement that an application for habeas corpus "should both (i) state fully

8    and with particularity the facts on which relief is sought, as well as (ii) include copies of

9    reasonably available documentary evidence supporting the claim, including pertinent portions of

10    trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474 (citations omitted).

11    However, there is an exception to this rule if the federal court finds that the facts as pled

12    and presented to the state's highest court were pled with as much particularity as is practicable.

13    See Villalobos, 799 F.2d at 1320.

14    Assuming, as does Respondent, that the California Supreme Court's citation to In re

15    Dixon and In re Duvall, apply to Claims One and Three, the Court it appears that the claims were

16    exhausted to the state's highest court.  Recognizing and applying the exception to the requisite

17    pleading requirement, after reviewing the petition for writ of habeas corpus submitted to the

18    California Supreme Court, the Court finds Claims One and Three were plead with more than

19    sufficient particularity to satisfy the exhaustion requirement.  With respect to both Claims One

20    and Three, Petitioner set forth what he apparently believed to be the applicable state law and

21    applied such law to the factual circumstances of his case.  (See Lodged Doc. No. 10, at pgs.6-10,

22    47-52.)  As such, this Court is satisfied that Petitioner pled his claims with as much particularity

23    as is practicable, and "[n]o interest in judicial efficiency or federal-state comity would be served

24    by requiring that [Petitioner] present his claims to the Supreme Court of California yet again."[3]

25    See Villalobos, 799 F.2d at 1320-1321 (citations omitted); see also Holiday v. Johnston, 313

26    U.S. 342, 350, 61 S.Ct. 1015 (1941) (pro se petition for habeas corpus "ought not to be

27

28    _____

[3] As this is the only basis Respondent sought dismissal no further analysis is necessary.

5

1  scrutinized with technical nicety"); <u>Balistreri v. Pacifica Police Dep't</u>., 901 F.2d 696, 699 (9th

2  Cir. 1990) ("This court recognizes that it has a duty to ensure that pro se litigants do not lose

3  their right to a hearing on the merits of their claim due to ignorance of technical procedural

4  requirements.").

5                                   <u>RECOMMENDATION</u>

6         Based on the foregoing, it is HEREBY RECOMMENDED that:

7         1.      Respondent's motion to dismiss the instant petition as unexhausted be DENIED;

8                 and

9         2.      The matter be referred back to the Magistrate Judge for issuance of a further

10                briefing schedule.

11        This Findings and Recommendations is submitted to the assigned United States District

12 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

13 the Local Rules of Practice for the United States District Court, Eastern District of California.

14 Within thirty (30) days after being served with a copy, any party may file written objections with

15 the court and serve a copy on all parties.  Such a document should be captioned "Objections to

16 Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served

17 and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the

18 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

19 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

20 may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

21 Cir. 1991).

22        IT IS SO ORDERED.

23 **Dated:**   **September 28, 2007**            **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28